Rockingham, }
Feb. 4, 1913. }

### STATE v. CHASE.

The assumption of the title "Doctor" by one who is not a registered physician does not, as matter of law, constitute a violation of the statute regulating the practice of medicine, in the absence of a finding that the use made of the title was such as to convey the impression that the respondent was a licensed practitioner.

INFORMATION, brought under section 12, chapter 63, Laws of 1897. Transferred from the April term, 1912, of the superior court by *Pike*, J., on an agreed statement of facts.

The act of the respondent upon which the state relies to uphold the information consisted in displaying upon a building in Portsmouth, in which she had an office, the following sign: "Dr. Julia J. Chase. Osteopathic Physician." The sign was eighteen inches long and fourteen inches wide, and the words thereon were legible from the opposite side of the street.

An osteopathic physician is one who practices osteopathy, a method of healing in which no drugs are employed and no surgical operations performed. The respondent is such a physician and a graduate of the American School of Osteopathy, from which she received the degree of Doctor of Osteopathy and a diploma certifying that such degree had been conferred. The diploma is and was

prominently displayed in her office during all the time that the sign heretofore described was displayed upon the building. The respondent does not and did not use drugs nor perform surgical operations. She has never "received the medical degree" or a "license which constituted at the time an authority to practice medicine under the laws of the state." Laws 1897, c. 63, s. 12.

*Ernest L. Guptill*, solicitor, and *Samuel W. Emery, Jr.*, for the state.

*Edward H. Adams* and *Arthur O. Fuller*, for the defendant.

BINGHAM, J. This proceeding is brought under section 12, chapter 63, Laws of 1897, charging that the respondent, "not being lawfully authorized to practice medicine within this state, and not being registered so to do, unlawfully did assume and advertise the title of 'Dr.' in such a manner as to convey the impression that she was a legal practitioner of medicine." No exception was taken to the sufficiency of the allegations. The case is here upon an order of the superior court directing that the respondent be discharged if the facts found do not constitute a violation of law; otherwise that she be adjudged guilty. Facts showing the use made by the respondent of the title of "Dr." are reported, but whether the manner of use made of the title was such as to convey the impression that the respondent was a legal practitioner of medicine is not found.

The question therefore is not whether from these facts reasonable men might conclude that the manner of use made of the title was such as to convey the impression the respondent was a medical practitioner, but whether that is the only conclusion which they could make. As to this we are of the opinion that reasonable men would not be so bound. It is unnecessary to consider the constitutionality of the law.

*Respondent discharged.*

All concurred.